B. L. ANDERSON, INC., Petitioner,

v.

FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, and Secretary of the U.S. Department of Labor, Respondents.

No. 81–1637.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1981.

Decided Jan. 15, 1982.

Robert D. Houghton, Thomas M. Collins, Jr. (argued), Shuttleworth & Ingersoll, Cedar Rapids, Iowa, for petitioner.

T. Timothy Ryan, Jr., Sol. of Labor, Cynthia L. Attwood, Associate Sol., Michael A. McCord, Counsel, Appellate Litigation, U. S. Dept. of Labor, Washington, D. C., Leslie J. Canfield, U. S. Dept. of Labor, Arlington, Va. (argued), for respondents.

Before BRIGHT and ROSS, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

B. L. Anderson, Inc. (Anderson or the Company), an operator of a limestone quarry in Linn County, Iowa, petitions this court to review an order of the Federal Mine Safety and Health Commission assessing a civil penalty of $2,500 for violation of a

* EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation.

safety standard[1] that governs Anderson's operations. We affirm the Commission.

Anderson received the citation after a fatal accident occurred at the quarry at about 2:00 p. m., October 14, 1978. A front-end loader used in Anderson's crushing operations apparently struck and killed one of Anderson's employees.

During the accident investigation, federal mine safety inspectors tested the bell-type backup alarm system mounted on the right side of the front-end loader. They determined that the alarm was not audible from the left rear of the machine when the engine was running. Because the alarm was not audible above engine noise except on the side where the bell is mounted, the inspectors issued the citation to Anderson for violation of a safety standard. After a full hearing, an administrative law judge found that Anderson had violated the regulation and assessed a penalty $500 less than the amount recommended by the Secretary of the Commission. Anderson petitioned for discretionary review, *see* 30 U.S.C.A. § 823(d) (Supp.1980), but the Commission denied the petition. The decision of the administrative law judge thereafter became the final decision of the Commission. *See* 30 U.S.C.A. § 823(d)(1) (Supp.1980).

Petitioner Anderson contends that (1) the Commission lacks jurisdiction because no evidence demonstrates that petitioner engages in interstate commerce or that its operations affect commerce; (2) the record lacks substantial evidence to show that petitioner violated 30 CFR § 56.9–87; and (3) the assessment of the penalty is not supported by substantial evidence.

■ Upon review of the record, we reject these contentions. Anderson's operations affect commerce within the meaning of the Federal Mine Safety and Health Act, 30 U.S.C.A. § 803 (Supp.1980). The record shows, among other things, that Anderson does business with trucking vendors who resell its product out of state. Anderson also sells to local ready-mix contractors and large asphalt contractors engaged in major highway construction as well as primary and secondary road projects.

■ Secondly, although company witnesses disputed the issue, the record discloses substantial evidence to support the administrative law judge's finding that Anderson violated the requirement of 30 CFR § 56.9–87 that the backup alarm on the front-end loader must be "audible above the surrounding noise level." The administrative law judge accepted the inspector's version that the backup signal bell was not audible on the left side of the machine over plant noise.

Finally, we affirm the penalty imposed as within the Commission's discretion. In assessing penalties under the Federal Mine Safety and Health Act, the Commission must consider the following statutory criteria:

> \* \* \* the operator's history of previous violations, the appropriateness of such penalty to the size of the business of the operator charged, whether the operator was negligent, the effect on the operator's ability to continue in business, the gravity of the violation, and the demonstrated good faith of the person charged in attempting to achieve rapid compliance after notification of a violation. \* \* \* [30 U.S.C.A. § 820(i) (Supp.1980).]

The administrative law judge recited that his assessment was "based upon statutory criteria," although no specific findings were made as to history,[2] appropriateness, effect on the operator's ability to continue the business, or good faith. The record demonstrates that Anderson promptly abated the

1. The Secretary of the Commission charged Anderson with violating 30 CFR § 56.9–87 (1978), which specifies:

   *Mandatory.* Heavy duty mobile equipment shall be provided with audible warning devices. When the operator of such equipment has an obstructed view to the rear, the equipment shall have either an automatic reverse signal alarm which is audible above the surrounding noise level or an observer to signal when it is safe to back up.

2. In the absence of contrary evidence, the administrative law judge assumed that the history of violations was favorable.

alleged violation and that the company operates this plant with high regard for safety.

■ Although the Commission assessed a relatively heavy penalty under the circumstances,[3] we cannot say that this assessment amounted to an abuse of discretion. Accordingly, we affirm.

ROSS, Circuit Judge, concurring and dissenting.

I concur in the panel's determination of a violation although I feel that the decision of the administrative law judge is not supported by very strong evidence. Because we must abide by the substantial evidence rule I do not feel we can reverse the determination of liability.

However, I am satisfied that the administrative law judge did not comply with the provisions of the Act and assessed a far greater penalty than the facts and circumstances justify. I would return the case for a redetermination of the penalty.

---

**3.** Anderson had switched initially from electronic backup alarms on its heavy equipment to mechanical alarms because the latter were less subject to breakdown during operations.