756 F.2d 658
 1984-1985 O.S.H.D. ( 27,205
 UNITED STATES STEEL CORPORATION, Petitioner,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and
Secretary of Labor, Mine Safety and Health
Administration (MSHA), Respondent.
 No. 84-1889.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1985.
Decided March 6, 1985.
 
 Louis Q. Symons, Pittsburgh, Pa., for petitioner.
 Anna L. Wolgast, Labor Dept., Arlington, Va., for respondent.
 Before LAY, Chief Judge, HEANEY and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 In December 1980 a Mine Safety and Health Administration inspector observed five employees of United States Steel at the Minntac mine on the Minnesota Iron Range manually moving a high voltage cable which powered a drill. A citation was issued for violating 30 C.F.R. Sec. 55.12-14.[1] United States Steel contested the citation before an administrative law judge (ALJ) who concluded there was a violation and assessed a penalty of $345. The Mine Safety and Health Review Commission agreed to review the case but later recused itself because of an ex parte contact by its staff. United States Steel filed this petition to review.
 
 
 2
 The controversy centers on the method of protecting workers from hazardous electrical shocks when handling cables which power the drills and shovels at the Minntac mine. The cables in use normally carry a current of 2,300 volts. Each cable consists of three phase conductors housed in insulating material covered by a braid wire mesh which is in contact with two ground wires. The hazard results from the possible "leakage" of current. Normally, current which escapes from the phase conductors--due to damaged wire to insulation, or a bad splice--flows to the ground wires. A ground fault protection system is designed to detect the flow of current in the ground wires and shut off the power.
 
 
 3
 While a contrary conclusion might be supported by the evidence presented, the ALJ's finding that the ground fault protection system does not constitute "suitable protection" as required by 30 C.F.R. Sec. 55.12-14 has substantial support in the record as a whole. 5 U.S.C. Sec. 706 (1982). The scope of our review is narrow and this court will not substitute its judgment for that of the ALJ. See Humphrey v. United States, 745 F.2d 1166, 1169-70 (8th Cir.1984). We defer to the ALJ's expert interpretation of 30 C.F.R. Sec. 55.12-14. See E.I. duPont deNemours & Co. v. Collins, 432 U.S. 46, 54-55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100 (1977). In addition, the ALJ's assessment of the $345 penalty was proper under 30 U.S.C. Sec. 820(i). See B.L. Anderson, Inc. v. Federal Mine Safety and Health Review Commission, 668 F.2d 442, 443-44 (8th Cir.1982). The ALJ's order is enforced.
 
 
 4
 ORDER ENFORCED.
 
 
 
 [1]
 30 C.F.R. Sec. 55.12-14 states as follows:
 Mandatory. Power cables energized to potentials in excess of 150 volts, phase-to-ground, shall not be moved with equipment unless sleds or slings, insulated from such equipment, are used. When such energized cables are moved manually, insulated hooks, tongs, ropes, or slings shall be used unless suitable protection for persons is provided by other means. * * *